UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE ANNE VICTORIA DILLON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action 25-cv-13237-IT |
| | * |
| MARLBOROUGH FIRE DEPARTMENT | * |
| AND EMT PERSONNEL, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

November 6, 2025

TALWANI, D.J.

Plaintiff Nicole Anne Victoria Dillen, proceeding *pro se*, has filed a Complaint [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], and Motion for Temporary Restraining Order and Protective Relief [Doc. No. 3]. For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, DENY the motion for a temporary restraining order and protective relief, and direct Plaintiff to file an amended complaint if she wishes to proceed with this action.

I.   **Motion for Leave to Proceed *in Forma Pauperis***

Considering the information Plaintiff has provided in her motion to proceed *in forma pauperis* [Doc. No. 2] and representations in her complaint concerning her housing status, the court GRANTS the motion.

II.  **Review of the Complaint**

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of her complaint and dismiss any claim that fails to state a claim upon which relief may

be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court construes Plaintiff's pleading liberally because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A.     **Plaintiff's Claims**

Plaintiff states that she "brings this urgent complaint to obtain immediate protective intervention due to ongoing life-threatening hazards at the property located at 135-175 Ames Street, Marlborough, MA ["Property"]," where Plaintiff formerly resided. Compl. at 2. Plaintiff brings this action against the City of Marlborough, certain employees and departments of the City of Marlborough, and the property owner and manager of the Ames Street property.

Plaintiff alleges that the "hazards" at the property are:

- NFSS: Self-generating, manually activated nitrogen fire suppression system corroded by water intrusion at sprinkler heads, creating asphyxiation hazards.
- Contaminated wastewater: Sulfide-eating bacteria in alumina suspension interacting with AFFF sealant produces $H_2S$.
- Accumulating CO from malfunctioning appliances and poor ventilation.
- Hazardous liquid pipeline below property and leachate hotspots onsite, including infiltration pond.

Id. at 5. Plaintiff claims that her exposure to these hazards has caused "ongoing respiratory, neurological, vestibular, and gastrointestinal symptoms" and has "impeded [her] ability to maintain stable employment, shelter, and daily living routines." Id. at 12. Plaintiff alleges that "[e]xposure to systemic municipal and property failures, compounded by targeted harassment, continues to pose a present, severe, and imminent threat to [her] health, safety, and well-being." Id. at 14. Plaintiff states that she is "currently living in a vehicle to avoid further exposure and harassment." Id. at 10. Plaintiff submitted exhibits to her complaint which include photos of what Plaintiff characterizes as evidence of the contamination and damage alleged in the body of the complaint. [Dkt. No. 1-4].

The complaint is in five counts. In Count One, Plaintiff brings a claim against municipal and private defendants for "Slander Per Se / Retaliation," claiming that they "subjected [Plaintiff] to false accusations and reputational attacks designed to silence her complaints about life-threatening hazards." Compl. at 4. Count Two is a claim against municipal and private defendants for "Life-Threatening Chemical & Environmental Exposure." Id. at 5. In Count Three, Plaintiff brings a claim for "Civil Rights / Due Process Violations," against the City of Marlborough and its officials for "[f]ailure to enforce safety codes, ignoring repeated complaints, and permitting unsafe residential occupancy in a commercial-standard building." Id. at 6. Count IV is for "Emergency Public Safety Violations," in which Plaintiff seeks to hold the City of Marlborough and its Fire Chief liable for "[f]ailure to properly respond to chemical, nitrogen, and CO hazards." Id. at 7. Plaintiff claims that "[o]ngoing unsafe conditions threaten all residents" and that an "[i]mmediate injunction [is] required to prevent loss of life." Id. Count Five is a claim for "Environmental [and] Hazardous Building Violations." Id. at 8.

Within the complaint, Plaintiff seeks a protective order restricting the government defendants from contacting her, "[i]mmediate federal oversight of all investigations involving Plaintiff," "[e]mergency location, transportation, fuel, food, and vehicle provision for survival," [p]rotect[ion] of 'all similarly situated residents,'" and the "[i]nvalidat[ion] of any NDAs or coercive agreements that attempt to silence or control Plaintiff." Id. at 15. Plaintiff also asks that the court, *inter alia*, "evacuate and seal" the Property, "provide protection of the residents safety and building integrity while being evaluated," protection of herself and "all similarly situation residents from retaliation, harassment, false accusations or institutionalization," and "preliminary and permanent injunctive relief, including stopping further exposure and enforcement of building, fire, and environmental safety laws." Id. at 16.

3

**B.     Discussion**

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief'" Fed. R. Civ. P. 8(a)(2). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

In determining whether the complaint provides a defendant adequate notice of the plaintiff's claim and shows that the plaintiff is entitled to relief, the court only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

A complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not as onerous as a "'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

Here, the complaint does not contain sufficient "well-pleaded" factual allegations from which the court may draw a reasonable inference that Defendants are liable to Plaintiff. Plaintiff's allegations of exposure to contaminated water and harmful gases are speculative. She does not identify an adequate basis for her assertion that she was exposed to these hazards. See, e g., Christian v. Altaire Pharmaceuticals, Inc., No. 20-6360, 2021 WL 3578812, at *3 (6th Cir. Aug. 10, 2021) (concluding that, "[w]ithout facts supporting her allegation" that a pharmaceutical product "was contaminated or otherwise defective," the plaintiff's allegations were "insufficient to state a plausible claim for relief"). Allegations that Plaintiff experienced symptoms that are consistent with exposure to the alleged hazards are insufficient to show the exposure caused the symptoms. See, e.g., Harris v. Exxon Mobil Corp., C.A No. 25-00414, 2025 WL 1650716, at *2 (N.D. Ohio June 11, 2025) (finding that complaint failed to state a claim for relief because *inter alia*, the plaintiff failed to plead facts "permitting a plausible inference that conduct, or toxic product of any Defendant [was] causally related to [plaintiff's] alleged conditions").

Plaintiff's allegations concerning alleged slander and retaliation are also conclusory and do not provide the defendants adequate notice of the claims against them. Plaintiff does not identify with any specificity the content of her "complaints about life threatening hazards," to whom and when they were made, and acts of alleged slander or retaliation. These "un-adorned, the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, do not state a plausible claim for relief. Likewise, Plaintiff's allegations that the City of Marlborough and its employees failed to enforce safety codes, ignored repeated complaints, and failed to respond to

5

chemical hazards that threatened residents are "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).

If Plaintiff wishes to proceed with this action, she must file an amended complaint which (1) gives each Defendant adequate notice of the claims against that Defendant and the factual grounds upon which those claims rest; and (2) contains sufficient well-pleaded factual allegations that allow a reasonable inference that each Defendant is liable to Plaintiff.

### III.   Motion for a Temporary Restraining Order and Protective Relief

In her Motion for Temporary Restraining Order and Protective Relief [Doc. No 3], Plaintiff alleges that she "suffered retaliation, slander per se and harassment by municipal officials and property managers" after "reporting severe chemical, environmental, [and] safety violations." [Doc. No. 3 at 2]. Plaintiff asserts that "[s]he now faces immediate danger, staying in vehicle for safety with people approaching, and fears further retaliation or false detention." Id. Plaintiff asks that the court "order all defendants and their agents to cease harassment, retaliation, or contact with Plaintiff and family," "[s]eal or restrict access to filings for safety," and "[p]ermit temporary relocation or vehicle-safety assistance, if appropriate." Id. at 3. Plaintiff represents she did not give the defendants advance notice of this motion "[d]ue to safety risk." Id.

A request for preliminary injunctive relief Preliminary injunctive relief "is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022). In adjudicating the motion, the court must consider "(1) the movant's likelihood of success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance of equities; and (4) whether granting the injunction is in the public interest." Id. (citation omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."

Id. at 36 (quoting New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

Here, Plaintiff has not demonstrated that she is likely to succeed in the lawsuit. As set forth above, Plaintiff has not plausibly pled that the Defendants are retaliating against or otherwise engaged in any other actionable conduct against her.

### IV.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is GRANTED.

2. The Motion for Temporary Restraining Order and Protective Relief [Doc. No. 3] is DENIED.

3. If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days file an amended complaint that contains a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: November 6, 2025